UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                                                      DECISION AND ORDER

                                                      09-CR-6177L
                                                      11-CV-6598L
                 v.

CHARLES R. DICKINSON, II,

                               Defendant.
_____

       The defendant, Charles R. Dickinson, II ("Dickinson"), was indicted in a five-count indictment charging him with four counts of the knowing receipt of child pornography and a single count of knowing possession of child pornography in violation of 18 U.S.C. § 2252(A)(a)(2)(A) and § 2252(A)(a)(5)(B). In March 2010, Dickinson appeared with counsel before United States Magistrate Judge Marian W. Payson and pleaded guilty, without benefit of a plea agreement, to all five counts of the indictment.

       On October 29, 2010, Dickinson appeared before this Court for sentencing. He was sentenced principally to a term of eighty-four months imprisonment on each count to be served concurrently. No direct appeal was filed, but over a year after the sentence was imposed, on December 1, 2011, Dickinson filed the pending motion to vacate pursuant to 28 U.S.C. § 2255 claiming that he received ineffective assistance of counsel (Dkt. # 45). The Government filed its response, Government's Response to Motion Pursuant to 28 U.S.C. § 2255 (hereinafter "Response") (Dkt. #55) and attached transcripts of the guilty plea proceedings before Magistrate Judge Payson and the sentencing proceeding before this Court. Dickinson's motion is in all respects denied.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court has established the standard for determining claims of ineffective assistance of counsel. There is a two-part test which must be met. First, the defendant must demonstrate that counsel's performance was in fact deficient and, next, that the deficient performance was prejudicial to his case. *See Strickland v. Washington,* 466 U.S. at 687-88.

There is a strong presumption that defense counsel's conduct fell within the broad range of reasonable professional assistance. In the context of a guilty plea, a defendant must demonstrate that the challenged performance undermines the voluntary and intelligent nature of a defendant's decision to plead guilty. Defendant must also show that there is a reasonable probability that for counsel's alleged errors, he would not have pleaded guilty. Defendant must establish both prongs of the *Strickland* test to be successful. In my view, Dickinson has failed to meet either prong of the *Strickland* test.

In Dickinson's motion, he alleges ineffective assistance on the grounds that the Sentencing Guidelines ("Guidelines") were not calculated properly and that his attorney erred in advising him not to appeal the sentence and judgment.

First of all, in his motion, Dickinson did not advise how it was that the Guidelines were miscalculated. During the plea colloquy, the Government filed a so-called *Pimentel* statement advising Dickinson and the Court of the applicable statutory minimum and maximum sentences. (Dkt. #32). The charges involving receipt or distribution of child pornography required a mandatory minimum sixty months sentence with a potential maximum of twenty years. The possession of child pornography charge carried a maximum possible sentence of ten years. In the *Pimentel* statement, the Government advised Dickinson that his Guideline range was between 210 to 262 months imprisonment.

As it turned out, United States Probation Department determined that the Guidelines were a bit higher, 235 to 293 months. That was based on a five-level enhancement pursuant to Guidelines, § 2G2.2(b)(3)(B), that is, distribution for the receipt or expectation of receipt of a thing of value.

Although in the original petition, Dickinson failed to indicate how the Guidelines were calculated in error, in his reply (Dkt. #56) to the Government's Response, he claims that there should not have been an increase for images containing sadistic or masochistic conduct under § 2G2.2(b)(4). In its *Pimentel* statement, though, the Government clearly advised defendant that it believed the enhancement applied and the Probation Department came to the same determination when it prepared the presentence report.

Magistrate Judge Payson specifically advised Dickinson that the Government believed an enhancement applied for the portrayal of sadistic or masochistic conduct. Defendant acknowledged that it would be up to the Probation Department to make a recommendation in the presentence report as to the enhancement, and he advised Magistrate Judge Payson that he had no questions about the Sentencing Guidelines (Response, [Dkt. #55], Ex. 1, p. 15, 17).

There was argument at sentencing as to one enhancement, that is, possession of child pornography with an expectation of a receipt of value and the Court ruled in favor of defendant. The Court did find that there should be a four point enhancement for possessing materials that contained sadistic or masochistic conduct. The Court noted (Ex. 2, Dkt. #55, Tr. of Sentencing on October 29, 2010, p. 11) that there were no other objections to the Guidelines. (Response [Dkt. #55], Ex. 2, p. 11). Neither at the time of the plea nor at sentencing did Dickinson dispute the nature of the images found on his computer.

After hearing extensive argument from Dickinson's counsel, the Court rejected the Probation Department's five-level enhancement and otherwise imposed a non-Guideline sentence of eighty-four months. This lower sentence was not in accord with the Probation Department's recommendation or the Government's argument.

It is difficult to conceive how Dickinson received deficient performance from his counsel or was prejudiced. There is no suggestion in Dickinson's motion that he would not have pleaded guilty or that he wished to now withdraw his guilty plea. The actual sentence received, eighty-four months, was seven years lower than the bottom of the sentencing range, 168months. It is also almost ten years lower than the top of the Guideline range, which was 210 months.

A review of the sentencing transcript demonstrates clearly that defense counsel argued strenuously on Dickinson's behalf relative to the Guidelines (he convinced the Court to reduce the Guideline calculation), as well as the ultimate sentence (he convinced the Court to grant a non-Guideline sentence well below the statutory maximum and Guideline range).

In sum, Dickinson has failed to establish either prong of the *Strickland* test. In fact, the objective facts show that Dickinson's counsel was very effective and there is no demonstration, as now claimed by Dickinson, that the Guideline calculation was calculated in error. As mentioned above, since the Court imposed a drastically reduced sentence, well below the Guideline range, even had there been some error in the Guideline calculation, which Dickinson has failed to demonstrate, there is no prejudice to Dickinson.

There is also no basis to find ineffective assistance relating to what Dickinson claims was his counsel's advice that he not file an appeal. First of all, based on the review of counsel's performance at sentencing, it is hard to conceive of an error that would warrant a direct appeal. In fact, Dickinson does not suggest any error that he would have raised on direct appeal. If all that he wished to raise on direct appeal are matters relating to the Guideline calculation, it seems evident that such an appeal would have been a fruitless gesture.

Also, now is not the time to challenge the strategic decisions made by counsel. It is not sufficient to suggest that counsel employed poor strategy or made a wrong decision. In fact, Dickinson bears the "heavy burden," *United States v. Gaston,* 364 F.3d 438, 468 (2d Cir. 2004), to establish that his lawyer made errors of sufficient gravity that his rights under the Sixth Amendment were impacted.

Since Dickinson has not pointed out what issues would have been raised on appeal, it certainly was not an unreasonable strategy to advise against filing an appeal since such an appeal could well have occasioned the Government to filing a cross-notice of appeal on the grounds that the eighty-four month sentence was unreasonable since it was well-below the appropriate Guideline range. Defendant could have certainly found himself in a worse position then was the case after receiving the very favorable sentence from the Court.

CONCLUSION

Defendant's motion to vacate (Dkt. #45) pursuant to 28 U.S.C. § 2255 is in all respects denied. Defendant has failed to establish ineffective assistance of counsel. He has failed to establish either prong of the test for establishing ineffective of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984).

Furthermore, I deny a certificate of appealability because the defendant has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        September 19, 2012.